PER CURIAM.

(No. 74-CC-776—Claimant

MABEL WELLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 27, 1974.*

SHERWIN & SHERWIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, Mabel Wells, seeks to recover from the State of Illinois the sum of $500.00, which was deposited by Arthur Wells, deceased, and husband of Claimant,

with the Office of the Secretary of State as evidence of financial responsibility in accordance with the provisions of Chap. 95½, Ill. Rev. Stat. Respondent admitted to all paragraphs of Claimant's complaint, which in part is as follows:

1. That Arthur Wells deposited with the office of the Secretary of State of the State of Illinois in accordance with Chap. 95½, Section 7-204, Ill. Rev. Stat. (1965), as amended, the sum of $500.00.

2. That on July 2, 1973, Arthur Wells was entitled to a refund of said sum (Ill. Rev. Stats. Chap. 95½, Section 7-503), and was so notified by the Office of the Secretary of State of Illinois.

3. That Mabel Wells is the widow and sole heir of Arthur Wells, deceased, said Arthur Wells having died on July 29, 1970.

4. That as a result of the failure of Claimant to file claim for refund, the funds were transferred to the General Revenue Fund on September 28, 1973.

Section 7-503 of Chap. 95½, Ill. Rev. Stat. provides that any person having a legal claim against such deposit may enforce it by appropriate proceedings in the Court of Claims subject to limitations prescribed for such court. It is the opinion of this court that Claimant has complied with this statute and is justly entitled to a refund.

An award is accordingly made by this court to Claimant, Mabel Wells, in the sum of $500.00.